UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDY BRETON, SR.,<br>　　　Plaintiff,<br><br>v.<br><br>MNUCHIN OF THE I.R.S., and VESA ROBINSON, REGIONAL DISPERTION OFFICER OF THE I.R.S.,<br>　　　Defendants. | No. 3:21-cv-718 (SRU) |

## INITIAL REVIEW ORDER

Randy Breton is a sentenced state prisoner currently confined at Corrigan-Radgowski Correctional Center ("Corrigan").[1] On May 26, 2021, Breton filed this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged constitutional violations based on the Fourteenth Amendment. *See* Compl., Doc. No. 1. Breton alleges that former Internal Revenue Service ("IRS") Commissioner, Steven Mnuchin, and Regional Dispersion Officer, Vesa S. Robinson, violated his constitutional rights by failing to issue to him payments pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Breton sues the Defendants in their official and individual capacities. *Id.* at 1. Principally, Breton seeks an order directing the Defendants to "cut a $1,200 check to the plaintiff," "pay [his] court cost[s] and filing fees," pay "the additional $1,400 that was passed," and "pay monetary or punitive damages for [their]…deliberate indifference toward the plaintiff." *Id.* at 6. For the following reasons, Breton's complaint is **DISMISSED** without leave to amend.

---

[1]　Pursuant to Fed. R. Evid. 201(b), I take judicial notice of the fact that Breton is a sentenced state inmate. *See* Fed. R. Evid. 201(b)(2) (explaining that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); *Inmate Info.*, CONN. ST. DEP'T OF CORR., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=173296 (last visited Nov. 1, 2021).

1

**I.    Standard of Review**

Pursuant to 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of those complaints that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**II.   Factual Background**

On or about March 27, 2020, Congress enacted, and the President signed, the CARES Act, to provide economic relief to certain individuals who reside in the United States during the COVID-19 pandemic. Relevant here is the provision that amended the Internal Revenue Code to provide for Economic Impact Payments ("EIP") to be paid directly to eligible individuals[2] through a "tax credit" in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). Issuance of EIPs was not

---

[2]    An eligible individual is defined as "any individual" other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. 26 U.S.C. § 6428(d).

limitless. Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3).

Initially, the Internal Revenue Service ("IRS") maintained that incarcerated individuals were not eligible for EIPs. In response, several incarcerated individuals filed suit and eventually sought to certify a class. The resulting case, *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. Oct. 14, 2020) (*Scholl II*), held that the CARES Act "does not authorize [the IRS] to withhold advance refunds or credits from class members solely because they are or were incarcerated." *Scholl II*, 494 F. Supp. 3d at 692. Further, the *Scholl II* court entered a permanent injunction enjoining defendants from withholding benefits on the basis of class members' incarcerated status and granted final certification of the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

*Scholl v. Mnuchin*, 2020 WL 5702129, at 25* (N.D. Cal. Sept. 24, 2020); *Id.* at 692–93.

In his complaint, Breton claims that he is entitled to EIP payments. Breton states that he timely filed the 1040 tax form. *See* Compl., Doc. No. 1, at 6. Further, Breton sent letters to the Defendants requesting the status of his EIPs but received no response. *Id.* To date, Breton has not received any EIP payment. *Id.* Yet other inmates in his cell block have. *Id.*

3

**III.    Discussion**

Fourteenth Amendment

Breton seeks relief under the Fourteenth Amendment. The Fourteenth Amendment's Equal Protection Clause applies to states. Both Defendants are alleged to be federal employees of the IRS. Consequently, an equal protection claim against these Defendants cannot lie under the Fourteenth Amendment. Therefore, Breton's claims based on the Fourteenth Amendment are dismissed.

Fifth Amendment

The Fifth Amendment's equal protection guarantees, however, are applicable to the federal government. Federal equal protection claims generally require "adverse treatment…compared with other similarly situated individuals" that is "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Miner v. Clinton Cnty.*, 541 F.3d 464, 474 (2d Cir. 2008) (quoting *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005)).

Breton's allegations do not suggest that he is being treated differently based on any of those impermissible considerations. Rather, Breton only refers to his status as an incarcerated individual. But that is not a protected class. *Zipkin v. Heckler*, 790 F.2d 16, 18 (2d Cir. 1986) ("[I]ncarcerated felons are not a suspect classification.").

Alternatively, Breton may proceed under a class of one theory.[3] In that context, the plaintiff uses "the existence of persons in similar circumstances who received more favorable treatment than the plaintiff…to provide an inference that the plaintiff was intentionally singled

---

[3]    The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Prestopnik v. Whelan,* 249 F. App'x. 210, 212–13 (2d Cir. 2007). There must be "an extremely high degree of similarity between [the plaintiff] and the persons to whom they compare themselves." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (cleaned up).

Breton has not alleged that he was so similarly situated to the other inmates who received the economic impact payment to raise an inference that Breton was intentionally singled out. Thus, Breton's presumption that he was denied equal protection under the Fifth Amendment constitutes speculation, which is insufficient to state a claim.

Relief under *Scholl*

As an incarcerated person, Breton is a member of the *Scholl* class. To the extent Breton alleges he is entitled to declaratory or injunctive relief pursuant to the *Scholl* decision, he is mistaken. Individual suits that "seek[] equitable relief within the subject matter of [another] class action" are generally barred. *J.S.R. by & through J.S.G. v. Sessions*, 330 F. Supp. 3d 731, 744 (D. Conn. 2018) (quoting *Gillespie v. Crawford*, 858 F.2d 1101, 1102–03 (5th Cir. 1988)).

Individual damage claims however, are different. *See Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir.1996) ("[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events"). Even so, the *Scholl* decision, by itself, is not a basis for monetary relief. The *Scholl* court took no position on specific individual payments owed and noted that the declaratory relief did not encompass "an individualized award of monetary damages." *Scholl II,* 494 F. Supp. 3d at 691.

Relief under CARES Act

There is no indication that the CARES Act provides a private cause of action for individuals seeking payment. Even if it did however, the issue whether Breton is owed payments is moot. EIPs are no longer available because the CARES Act imposed a deadline of December 31, 2020 for payments to be made or allowed. That deadline is now passed, and no more funds may be issued. *See* 26 U.S.C. § 6428(f)(3); *Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*, 2021 WL 2550995, at *3 (N.D. Ohio June 22, 2021).

### IV.     Conclusion

For the foregoing reasons, Breton's complaint is **DISMISSED** with prejudice. Given that Breton cannot receive the payment he ultimately seeks, an amended complaint would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (A "futile request to replead should be denied.").

It is so ordered.

Dated at Bridgeport, Connecticut this 2nd day of November 2021.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge